IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| SAMMIE SMITH, | ) | CASE NO.  4:18-CV-00512 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| STATE OF OHIO, *et al.,* | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Respondents. | ) | |

## Introduction

Before me by referral[1] is the *pro se* petition[2] of Sammie Smith for a writ of habeas corpus under 28 U.S.C. § 2254.[3] Smith is incarcerated by the State of Ohio at the Ross Correctional Institution in Chillicothe, Ohio where Donnie Morgan is warden.[4] Smith is

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Jack Zouhary in a non-document order entered March 16, 2018.

[2] Smith earlier filed a federal habeas petition related to this conviction, but that petition was dismissed without prejudice to permit Smith to exhaust state remedies. As such, the State concedes that this petition is not an impermissible second or successive petition. *See* ECF No. 10 at 10, fn. 4.

[3] ECF No. 1.

[4] *See* ECF No. 19 at 1 fn. 1.

serving an aggregate term of 75 years in prison, imposed in 2011 by the Mahoning County Court of Common Pleas as the result of being convicted at a jury trial on multiple charges related to a rape and robbery of a young mother sleeping alone with her two-year old son in an apartment in Youngstown, Ohio.[5]

Smith here raised four grounds for relief, including an allegation that trial court error in the admission of evidence resulted in a violation of the Confrontation Clause, and a claim of improper prosecutorial conduct.[6] He also asserts two instances of purported ineffective assistance of trial counsel.[7] The warden, in the return of the writ, argues that both claims of ineffective assistance are procedurally defaulted,[8] and that the remaining claim should be denied on the merits.[9] Smith has filed a traverse[10] and a supplement to the traverse.[11]

In addition, Smith has for the third time moved for an evidentiary hearing arising out of the ineffective assistance claim,[12] and for the first time the warden has responded in

---

[5] ECF No. 10 at 3-5. The current term is the result of a resentencing discussed below and is found at www.drc.ohio.gov/offendersearch
[6] ECF No. 1 at 5-7, 13-15.
[7] *Id*. at 7-13.
[8] ECF No. 10 at 18-21.
[9] *Id*. at 25-32, 36-40.
[10] ECF No. 11.
[11] ECF No. 12.
[12] ECF No. 18. Previous motions raising multiple reasons for such a hearing were filed (ECF Nos. 3, 14). The present motion also raised an issue as to magistrate judge jurisdiction.

opposition,[13] although the prior motions were considered and denied.[14] Further, Smith seeks leave to amend the petition,[15] which motion is opposed.[16]

For the reasons that follow, I will recommend dismissing the petition in part as procedurally defaulted and denying it in part on the merits after AEDPA review. I will once more deny the motion for an evidentiary hearing, this time for the addition ground of being moot. The motion to amend will likewise be denied as moot.

## Facts

### Background facts, conviction and sentence

The background facts of the offense were extensively set forth by the state appeals court.[17] In relevant part, the court found that Smith broke into the victim's duplex apartment in the early morning hours of October 13, 2003 while she was asleep in bed with her two-year-old son.[18]After shaking the victim awake, Smith covered her eyes with a bandana she had been wearing in her hair, pulled her out of bed and walked he down the hall to the dining room.[19] The victim remained quiet so as not to awaken her son.[20]

---

[13] ECF No. 19.
[14] ECF Nos. 13, 15.
[15] ECF No. 18.
[16] ECF No. 19.
[17] ECF No. 10, Exhibit A (state court record) at 139-42. Facts found by the state appeals court are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998).
[18] ECF No. 10, Ex. A at 139.
[19] *Id*.
[20] *Id.*

Once in the dining room, the victim turned on the light and pulled the bandana away from her eyes, catching a brief glimpse of Smith, who smelled strongly of alcohol and certain type of cigar.[21] Smith then again covered the victim's eyes with the bandana, grabbed her by the neck and threatened to kill her.[22] He took her to the living room, removed her clothes and unsuccessfully attempting to rape her, finally forcing her to perform oral sex.[23]

Smith then returned with the victim to the bedroom, where he locked her in a closet while he rummaged through her furniture and purse, stealing jewels and money.[24] Smith also used this time to take a bath.[25]

He then unlocked the closet and brought the victim into the hallway where he anally and vaginally raped her without using a condom.[26] He then made the victim take a bath and watched her for a short time before leaving.[27] The victim estimated the entire episode lasted for approximately an hour.[28]

After making certain that Smith had left, the victim called her husband and then the police, who arrived with an ambulance and took her to a hospital.[29] In the victim's

---

[21] *Id*.
[22] *Id*. at 140.
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] *Id*.
[28] *Id*.
[29] *Id*. at 141.

residence, the police found a broken window pane in the door, broken trim around the door, water still in the bathtub along with a washcloth, a bottle of lotion in the hallway and the victim's sweatpants on the living room floor.[30]

At the hospital, the victim was examined by an emergency room physician and nurse, both of whom were involved in preparing a rape kit and both of whom later testified at trial about the victim's statements and condition that night.[31] The physician found significant recent signs of trauma both vaginally and anally, describing it as the worst he had encountered.[32] The nurse related that the victim was experiencing pain in her rectum and appeared to be in need of emotional support.[33] Sperm was found on both rectal and vaginal swabs that was then collected and sent to a lab that generated a DNA profile.[34] In turn, that DNA profile was sent to Ohio BCI, which also entered the DNA profile in their database.[35]

However, no match for the 2003 DNA profile was found until 2008, when Smith's DNA profile was entered into the system.[36]At that time, BCI analysis determined that the two profiles were a match.[37] Police then showed the victim a photo array containing

---

[30] *Id.*
[31] *Id*.
[32] *Id*.
[33] *Id*.
[34] *Id.*
[35] *Id*.
[36] *Id*.
[37] *Id.*

Smith's picture.[38] Although the victim could not then positively identify Smith, she did narrow the six suspects shown in the photo array down to two, one of whom was Smith.[39]

As a result, Smith was indicted on eight counts related to the 2003 crime, with a repeat violent offender specification added to each count.[40] A sexual predator specification was dropped.[41] The jury then found Smith guilty on all counts.[42] On August 8, 2011, the trial court sentenced Smith to an aggregate term of 80 years in prison.[43]

## Direct appeal

### A.    Ohio court of appeals

On August 9, 2011, Smith through counsel[44] timely filed[45] a notice of appeal in the Ohio appeals court.[46] In his merit brief Smith raise the following nine assignments of error:

1.     Appellant was denied due process and confrontation when the trial court permitted witnesses to offer expert testimony about DNA tests not performed by them in violation of United States Constitution, Amendments 6 and 14 and Ohio Constitution Article I § 10 and 16.

---

[38] *Id*.
[39] *Id.*
[40] *Id*. at 142.
[41] *Id*.
[42] *Id*.
[43] *Id*. at 16.
[44] Counsel on appeal was different than the counsel at trial. See, ECF No. 1 at 16.
[45] In Ohio notice of appeal must be filed with the appeal court within 30 days of the entry of judgment. Ohio Rule App. Procedure 4(A).
[46] ECF No. 10, Ex. A at 20.

2.  The trial court erred in permitting hearsay testimony of Appellant's payroll records in violation of the United States Constitution, Amendments 6 and 14 and Ohio Constitution Article I, § 10.

3.  The trial court denied appellant due process under United States Constitution Amendment 15 and Ohio Constitution, Article I, § 16 when it found appellant to be a repeat violent offender and erred as a matter of law in imposing additional punishment on the repeat violent offender specifications.

4.  The trial court erred when it denied appellant's request to merge the kidnapping counts with the rape counts as they were allied offenses of similar import with no separate animus.

5.  Appellant was denied due process when evidence of Appellant's incarceration in Indiana was introduced, thus allowing Appellant effectively to be impeached with prior convictions without taking the full complement of evidence required for proof beyond a reasonable doubt under United States Constitution, Amendment 14 and Ohio Constitution, Article I, § 16.

6.  Appellant was denied due process of law and a fair trial by reason of improper prosecutorial argument. United States Constitution, Amendment 14; Ohio Constitution, Article I, § 10.

7.  The trial court's ruling permitting Appellant to be impeached with prior convictions was an abuse of discretion and denied Appellant due process and the right to

defend himself guaranteed by the United States Constitution, Amendment 14 and Ohio Constitution, Article I, §§ 1, 2, 10 and 16.

8.    Appellant's convictions and sentences are in violation of the State and Federal Constitutions because Appellant was denied the effective assistance of counsel. United States Constitution, Amendments 6 and 14; Ohio Constitution, Article §§ 1, 10 and 16.

9.    The trial court denied Appellant due process under the Fourteenth Amendment in that his conviction was against the manifest weight of the evidence and the jury's verdict was inconsistent with the evidence and testimony presented.[47]

The State filed a brief in response.[48] On March 1, 2013, the Ohio appeals court upheld the conviction, overruling all but Smith's third assignment of error concerning sentencing.[49] In that regard, the appeals court remanded the matter for a limited resentencing addressing only the portion of the sentence for the merged offenses and two of the repeat offender specifications.[50]

**B.**    Supreme Court of Ohio

---

[47] ECF No. 10, Attachment at 21.

[48] *Id*. at 75.

[49] *Id*. at 138.

[50] See, ECF No. 10 at 7, fn. 3. As of the time of filing the return of the writ, the State represents that resentencing pursuant to this mandate has not yet occurred. However, as noted above, the Ohio Department of Rehabilitation and Correction's website shows that Smith is now being imprisoned under a slightly different sentence than the one imposed after trial by the trial court, thus suggesting that resentencing has occurred.

On April 11, 2013, Smith, *pro se*, timely[51] filed an appeal with the Supreme Court of Ohio.[52] In his memorandum in support of jurisdiction, Smith set forth the following nine propositions of law:

1. When a trial court allows expert testimony about DNA tests by anyone other than the Analyst who performed the tests, and the testimony could not account for critical elements impacting the reliability of those tests, an Appellant's constitutional rights to Due Process and a Fair Trial, and the Confrontation Clauses of the 5th, 6th and 14th Amendment of the United States Constitution are violated.

2. When a Trial Court improperly admits hearsay testimony about unauthenticated records, which strikes directly at the Appellant's Alibi Defense, that inadmissible testimony about unauthenticated business records deprived the Appellant of a Fair Trial and the Due Process of Law guaranteed by the 5th and 14th Amendments of the U.S. Constitution, and Article I, Section 16 of the Ohio Constitution.

3. When a Trial Court convicts a criminal defendant of Repeat Violent Offender (RVO) Specifications, based on charges that were over 20 years old, were not proven beyond a reasonable doubt, and do not comport with applicable statutory provisions, the Appellant is denied a Fair Trial and the Due Process of Law, guaranteed by the 5th and 14th Amendments of the U.S. Constitution, and Article I, Section 16 of the Ohio Constitution.

---

[51] An appeal to the Supreme Court of Ohio must be filed within 45 days of the entry of the appellate judgment. Ohio Supreme Court Rule of Practice 2.2(A).
[52] ECF No. 10, Attachment at 180.

4.      When a Trial Court imposes multiple punishments for the same action committed with the same animus, the imposition of these multiple punishments violates the Double Jeopardy Clauses of the 5th Amendment of the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.

5.      A Trial Court that allows the introduction of evidence of a Defendant's prior convictions and a fact that he was incarcerated in Indiana, also allows that Defendant to be convicted [*sic*] on a basis less than the required proof beyond a reasonable doubt, in violation of this Appellant's Right to a Fair Trial and the Due Process of Law under the 5th and 14th Amendments of the U.S. Constitution and Article I, Section 16n of the Ohio Constitution.

6.      When a Prosecutor's actions infect the whole trial with unfairness, his conduct deprives the Defendant of his Rights to a Fair Trial and the Due Process of Law guaranteed by the 5th and 14th Amendments of the U.S. Constitution and Article I, Section 16 of the Ohio Constitution.

7.      When a Trial Court's ruling to allow introduction of prior convictions that are more than 10 years old to be used if the Defendant testifies is made [*sic*], it effectively deprives him of his right to take the stand in his own defense, knowing it would cause him to be convicted on a basis other than the evidence in the case. This violates his Right to a Fair Trial and the Due Process of Law guaranteed by the 5th and 14th Amendments of the U.S. Constitution and Article I, Section 16 of the Ohio Constitution.

8    When Trial Counsel's performance falls below the standard of reasonableness and the Defendant is prejudices [*sic*] by that deficient performance, the Defendant is deprived of his Right to the Effective Assistance of Counsel guaranteed by the 6th Amendment of the United States Constituion and Article I, Section 10 of the Ohio Constitution, and that violation results in the deprivation of his constitutional Rights to a Fair Trial and the Due Process of Law, guaranteed by the 5th and 14th Amendments of the U.S. Constitution and Article I, Section 16 of the Ohio Constitution.

9.    When the evidence adduced in a criminal trial is insufficient and against the Manifest weight [*sic*], the resulting conviction is a denial of the Defendant's Right to a Fair trial and the Due Process of Law guaranteed by the 5th and 14th Amendments of the U.S. Constitution and Article I, Section 16 of the Ohio Constitution.[53]

The State did not file an opposing brief. The Supreme Court of Ohio accepted jurisdiction as to the first proposition of law but stayed briefing and ordered the matter held until the Court resolved another case.[54] After that case was decided in November of 2013, Smith, now through counsel, moved to lift the stay so as to brief the confrontation clause issue raised in the first proposition of law.[55] In turn, the State moved to dismiss the appeal as improvidently granted.[56] On January 22, 2014, the Supreme Court of Ohio denied

---

[53] *Id*. at 183.
[54] *Id*. at 243.
[55] *Id*. at 244.
[56] *Id*. at 248.

11

Smith's motion to vacate the stay for further briefing and granted the State's motion to dismiss the appeal as improvidently granted, thereby dismissing the case.[57]

The record does not show that Smith sought a writ of certiorari from the Supreme Court of the United States.

### Rule 26(B); application to vacate or set aside

On June 24, 2014, Smith, *pro se*, filed a delayed application to reopen his appeal with the Ohio appeals court, alleging that appellate counsel had failed to raise the issue that the trial court had lacked jurisdiction.[58] In his application Smith acknowledged that the application was untimely, citing the stay in the Ohio Supreme Court as a reason for the untimely filing.[59] The State did not file a responsive brief.

On July 23, 2014, the appeals court denied the application for delayed filing.[60] The court noted that the application was more than one year late and that pursuing an appeal to the Ohio Supreme Court neither tolls the time limit for filing a 26(B) application nor provides good cause for a delayed application.[61] Smith did not appeal this decision to the Supreme Court of Ohio.

### Post-conviction motion

---

[57] *Id*. at 259.
[58] *Id*. at 260.
[59] *Id*.
[60] *Id*. at 273.
[61] *Id*. at 275-76.

Simultaneous with, but independent of, the direct appeal actions cited above, on April 23 2012, Smith, through counsel, filed a timely[62] petition for post-conviction relief with the trial court. In the petition. Smith set forth the following claims:

1. Mr. Smith was denied the effective assistance of trial counsel because his trial lawyer failed to object to the testimony of a crucial State's witness whose testimony would have been excluded under *Bullcoming v. New Mexico*, __ U.S. __, 131 S.Ct. 2705, 180 L.Ed. 610 (2011); *Melendez-Diaz v. Massachusetts*, 557 U.S. __, 129 S.Ct. 2527, 174 L.Ed. 177 (2004). Specifically, witnesses Michael Cariola and Brenda Gerardi, both employed by Bode Technology, provided the only link between Mr. Smith and the DNA sample collected from the victim in 2003 and analyzed by Bode Technology in 2004. But neither Cariola nor Gerardi actually tested the original sample or observed the testing. They were simply explaining conclusions made by others based on tests performed by others outside the presence of Cariola and Gerardi.

2. Mr. Smith's trial attorney properly objected to the testimony of Ms. Gerardi, as well as the exhibits proffered during her testimony. But counsel did not object to the testimony of Mr. Gerardi [*sic*] or the testimony proffered during his testimony.[63]

---

[62] Ohio Revised Code Sec. 2953.21(A)(2) states that a post-conviction motion must be filed no later than 180 days after the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. Here, the merit brief and the trial transcript were filed in the appeals court on January 30, 2012. See, ECF No. 10, Attachment at 21.
[63] ECF No. 10, Ex. A at 277.

Over the next several years, and prior to any ruling by the trial court, Smith, *pro se*, filed supplements to the original post-conviction motion raising the following additional claims:

1.  Trial Counsel failed to call anyone to testify to [the private lab results], denying the Jury the chance to consider this in the Defendant's defense.

2.  Trial Counsel denied Defendant the right protected by the 6th Amendment to call witnesses in his defense, thus denying Defendant of his [*sic*] constitutional right by trial counsel, makes counsel ineffective.[64]

3.  Defendant was denied effective assistance of counsel when counsel failed to object to the court's overruling the petition to dismiss on February 23, 2011, challenging the jurisdiction of the Common Pleas Court.  Failure to preserve a critical issue constitutes ineffective assistance of counsel.[65]

4.  Defendant was denied effective assistance of trial counsel because trial counsel failed to subpoena the author of the results from the independent review of the State's DNA results.[66]

5.  Petitioner was denied effective assistance of trial counsel because counsel failed to subpoena the actual analyst that created the 2004 DNA results, Ms. Lawson.[67]

---

[64] *Id.* at 285.

[65] *Id.*

[66] *Id*. at 287.

[67] *Id*. at 289.

6.    Trial counsel was ineffective when counsel failed to subpoena Carrie Rowland the analyst that conducted the independent review of the state's 2004 DNA profile. Petitioner argues that when counsel failed to subpoena Ms. Rowland that denied the jury the opportunity to consider the existence of the independent review and its material results, thus prejudicing the defendant and the adversarial process. UNITED STATES CONSTITUTION Amendment 6 and 14; Ohio Constitution article 1-10 and 16 and Due Process.[68]

7.    Trial Counsel is ineffective for not subpoenaing the analyst that created the state's 2004 DNA profile. United States constitution amendments 6 and 14; Ohio Constitution Article I and 10 and Due process.[69]

On November 14, 2014 Smith moved the trial court for a ruling on the post-conviction petition.[70] The State moved for judgment on the pleadings,[71] to which Smith filed a *pro se* response[72] and one from counsel.[73] On October 20, 2016,[74] the trial court overruled Smith's post-conviction petition.[75]

---

[68] *Id*. at 291.
[69] *Id*. at 297.
[70] *Id.* at 306.
[71] *Id.* at 307.
[72] *Id*. at 329.
[73] *Id*. at 334.
[74] I note, as mentioned above, that Smith filed a federal habeas petition in 2014 that was dismissed without prejudice on December 28, 2015 so that Smith could exhaust state remedies. This post-conviction petition – which was pending at the time – is the remedy that was in the process of being exhausted.
[75] *Id*. at 336.

Smith, *pro se*, thereupon appealed to the Ohio court of appeals.[76] In his brief Smith raised the following two assignments of error:

1.     The trial court erred by dismissing Appellant's post-conviction relief petition without a hearing concerning ineffective assistance of counsel.

2.     The trial court abused its discretion [by] finding that the issues concerning exhibits (B) and (D) in the supplemental motion had already been addressed in the appeal or in the judgment entry of the post-conviction petition.[77]

The State filed a brief in response[78] to which Smith replied by filing a motion for summary judgment.[79] On September 21, 2017, the Ohio appeals court affirmed the judgment of the trial court, finding that Smith's arguments were barred by *res judicata*.[80]

On November 6, 2017, Smith, *pro se*, timely appealed to the Supreme Court of Ohio.[81]In his memorandum in support of jurisdiction Smith asserted the following two propositions of law:

---

[76] *Id*. at 339. In that notice Smith stated that the notice of appeal was untimely because he had not been properly served with a copy of the trial court's judgment denying the post-conviction motion. *Id*. at 341.

[77] *Id*. at 346.

[78] *Id*. at 371.

[79] *Id*. at 394.

[80] *Id*. at 402. Smith filed a motion to reconsider, *id*. at 408, which was denied. *Id*. at 431.

[81] *Id*. at 434.

1.       Was the trial court in error for dismissing Post-Conviction Petition without holding a hearing to consider ineffective assistance claim where Post-Conviction Petition presented facts in support of that claim.

2.       Does the trial court abuse its discretion by dismissing a Post-Conviction Petition on issues claimed to have already been addressed in direct appeal when those issues were distinctly not presented at trial.[82]

The State did not file a responsive brief. On January 31, 2018, the Supreme Court of Ohio declined to accept jurisdiction and dismissed the appeal.[83]

### Federal habeas petition

### Petition

Smith, *pro se*, timely filed[84] the present petition for habeas relief on February 25, 2018.[85] In his petition Smith asserts the following four grounds for relief:

1.       <u>Ground One</u>

---

[82] *Id*. at 436.

[83] *Id*. at 458.

[84] A properly filed post-conviction petition tolls the one-year limitations period for filing for federal habeas relief. *Artuz v. Bennett*, 531 U.S. 4 (2000). Smith filed his post-conviction petition in 2012 while his direct appeal was pending. The appeals in the post-conviction proceeding concluded on January 31, 2018 and the present habeas petition was file a month later.

[85] ECF No. 1 at 19. This is the date Smith states that the petition was placed into the prison mail system. On the next page he gives the next day - February 26, 2018 – as the date the petition was served on the Ohio Attorney General. It was docketed on March 5, 2018.

The trial court permitted expert testimony regarding DNA evidence from an analyst that did not perform the test, nor was physically present during the critical parts of the testing procedure. This denied petitioner the right to confront witnesses and due process.

2. Ground Two

Ineffective assistance of counsel, counsel denied the petitioner the right to call witnesses when counsel failed to issue a subpoena for expert witness Courtney Lawson, the author/analyst of the State's 2004 DNA profile.

3. Ground Three

Ineffective assistance of counsel, counsel denied defendant the right to call witness when counsel failed to subpoena expert witness Carrie Rowland. The analyst that completed an independent review of the State's DNA profile and related paperwork. That review resulted in exculpatory test results.

4. Ground Four

Petitioner was denied due process of law and fair trial by reason of improper prosecutorial argument.[86]

**Return of the writ/traverse**

---

[86] ECF No. 1 at 5, 7, 10 and 13.

The Warden has filed a return of the writ. In it he initially argues that Ground One (the confrontation clause claim) and Ground Four (prosecutorial misconduct) should be denied on the merits because the decision of the Ohio appeals court regarding those claims was not an unreasonable application of clearly established federal law.[87] Moreover, the Warden contends that Grounds Two and Three raising claims of ineffective assistance of counsel are procedurally defaulted.[88]

Smith filed a traverse[89] with a supplement.[90]

## Motions

As noted, Smith has moved again for an evidentiary hearing so as to present evidence he contends was not heard by the Ohio trial court when it denied his post-conviction petition without a hearing.[91] The present motion is made along with a motion for leave to amend his habeas petition and is contemporaneous with an objection to my order denying an earlier motion for an evidentiary hearing.[92] The Warden has responded in opposition to the motion for an evidentiary hearing and to amend.[93]

---

[87] ECF No. 10 at 25, 36.
[88] *Id*. at 18.
[89] ECF No. 11.
[90] ECF No. 12.
[91] ECF No. 18.
[92] ECF No. 16.
[93] ECF No. 19.

The present motion for an evidentiary hearing rests on a premise that Smith raised in his earlier motion for an evidentiary hearing, which was denied.[94] Specifically, Smith maintains that the state court has only explicitly addressed his ineffective assistance of trial counsel claims as they concern counsel's purported failure to introduce evidence but has never ruled on his claims that counsel was ineffective because he failed to call witnesses.[95]

As I went to some length to explain in my Order denying the earlier motion, the Ohio courts did not explicitly address the ineffective assistance claim as regards the failure to call witnesses for two reasons: (1) to the extent such a claim could be based on the existing record, that claim is barred by res judicata for not being raised earlier, and (2) to the extent that the claim was *de hors* the record and so could be heard in a post-conviction petition, Smith totally failed to set out the factual basis of the claim to the trial court.[96] As the appeals court noted in supporting the trial court's denial of the motion without a hearing, although Smith had amended and supplemented his post-conviction numerous times, those claims "were all unsupported by affidavits."[97] Thus, because there was no "credible evidence de hors the record" before the trial court, that court was justified in denying the claim without a hearing.[98]

---

[94] See, ECF No. 15 at 4. Actually, Smith has tried multiple reasons for a federal evidentiary hearing, each of which is recounted in my five-page Order of March 26, 2019.

[95] See, ECF No. 14 at 2-3 (prior motion); ECF No. 18 at 11 (current motion).

[96] ECF No. 15 at 2-3.

[97] *Id.* at 3 (citing record).

[98] *Id.*

That was the reason I explained in some detail in denying the earlier motion for a hearing. Smith has presented nothing to alter that decision.[99]

The motion for leave to amend – by which Smith seeks to add another claim of ineffective assistance of trial counsel for not objecting to the testimony of the lead supervisor of the lab that did the DNA test – is denied.[100] As the Warden observes, this claim – which was first raised on direct appeal in 2011 – was known to Smith and could have been asserted in the federal habeas petition when it was filed in 2018, but was not, with Smith offering no explanation for the absence of that claim in his original petition.[101]

Moreover, any amendment in that regard would be futile, as the Ohio appeals court that addressed this exact claim on the merits specifically concluded, after review under the applicable *Strickland*[102] standard, that because the analyst was directly involved with the DNA testing as the technical leader, his testimony was not hearsay and thus there was no deficient performance in failing to object to it.[103] In addition, the Ohio court found that there was no prejudice in permitting this testimony because the second independent BCI

---

[99] Smith has attempted to argue, incorrectly, that I had no authority to directly deny the motion for an evidentiary hearing. ECF No. 17. Motions for an evidentiary hearing in a habeas case are pre-trial, non-dispositive motions on which the magistrate judge may rule directly rather than making a recommendation. *Ahmed v. Houk*, 2011 WL 4005328, at * 1 (S.D. Ohio Sept. 8, 2011) (citations omitted).

[100] A motion to amend a habeas petition is a pre-trial non-dispositive motion on which the magistrate judge may rule directly. *Monroe v. Houk*, 2016 WL 1252945, at * 1 (S.D. Ohio March 23, 2016).

[101] ECF No. 19 at 4-5.

[102] *Strickland v. Washington*, 466 U.S. 668 (1984).

[103] ECF No. 10, Ex. A at 144.

analysis four years later, comparing DNA that indisputably was Smith's with the earlier DNA sample, confirmed that both samples were a match.[104]

## Analysis

### Grounds Two and Three are procedurally defaulted

In Grounds Two and Three Smith contends that his trial counsel was ineffective for failing to subpoena Courtney Lawson and Carrie Rowland.

As detailed above, Smith first raised these claims in the supplemental claims he presented *pro se* in connection with his post-conviction petition.  These claims, and their resolution in the Ohio courts, have consistently confused Smith, who has repeatedly sought a federal evidentiary hearing because, he contends, the state courts have neither specifically adjudicated these claims nor given him an opportunity to present new evidence.  But as noted by the Ohio appeals court in its decision affirming the judgment of the trial court in denying the post-conviction petition: (1) to the extent these claims rest on matters appearing on the record, they are barred by *res judicata* because they could have been asserted on direct appeal, but were not; and (2) to the extent they rely on matters *de hors* the record, they are barred by *res judicata* because Smith failed to provide that new evidence to the trial court when it was considering his post-conviction motion.

The Ohio appellate decision here directly relied on Ohio's well-established *res judicata* rule in finding that consideration of Smith's claims was foreclosed.[105] That rule is

---

[104] *Id*. at 145-46.
[105] *Id.* at 406.

an adequate and independent state law basis that will preclude the federal habeas court from addressing the claim.[106] Ohio courts have consistently enforced the rule.[107]

Thus, because Smith has procedurally defaulted these claims, he must demonstrate cause and prejudice if he is to overcome that default. Ineffective assistance of counsel may not serve as a cause for the default when, as here, the ineffective assistance claim itself is procedurally defaulted.[108] Moreover, it is difficult to see how Smith could show prejudice arising from not subpoenaing Lawsen or Rowland. As the Ohio appeals court noted, Lawsen's supervisor – Michael Cariola – did testify at trial where he was cross-examined.[109]  The court found that Cariola supervised the test, reviewed all of Lawsen's notes, cosigned the report, and testified that her conclusions were also his conclusions.[110] In fact, Cariola was cross-examined precisely on the issues of procedures used in the lab for identifying "stutters" in the result or for "clipping" peaks that Smith maintains are the reasons why Roland and Lawsen should have testified.[111]

Finally, Smith has not presented new reliable evidence not available at trial that establishes his actual innocence.

Accordingly, I recommend that Grounds Two and Three be dismissed as procedurally defaulted.

---

[106] *Byrd v. Collins,* 209 F.3d 486, 521-22 (6th Cir. 2000).
[107] *State v. Cole*, 2 Ohio St. 3d 112 (1982).
[108] *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).
[109] ECF No. 10, Attachment at 144-46.
[110] *Id*.
[111] *Id.;* see, ECF No. 18 at 3-7.

## Ground One – Confrontation Clause

In Ground One Smith claims that he was denied the right to confront a witness against him when the trial court permitted Michael Cariola to testify as to the results of the first DNA test.  Essentially, Smith here argues that the state courts failed to correctly understand and apply United States Supreme Court holdings that, he asserts, should have precluded Cariola from testifying because he was not the analyst who actually conducted the first DNA test nor was present throughout the test.[112]

The Ohio appeals court in this instance extensively analyzed this contention.  As noted above, there is no doubt that Michael Cariola did not participate in the original DNA test nor was he present at that time. There is also no doubt that the Ohio appeals court here specifically considered the facts in this case in light of the United States Supreme Court cases relied on by Smith as to what is testimonial evidence in matters of lab results and who can testify to such matters.[113]

Specifically, the Ohio court acknowledged that *Melendez-Diaz*[114] and *Bullcoming*[115] - the cases relied on by Smith – do require live testimony from the analyst who did the lab test, and any such test may not be introduced by only a certificate from an absent analyst or by a surrogate.[116] But, the Ohio court further noted, because Cariola was actually

---

[112] ECF No. 11 at 3-6.
[113] Compare ECF No. 10, Attachment at 143-46 (appeals court opinion) and ECF No. 11 at 3-6 (Smith's traverse).
[114] 557 U.S. 305 (2009).
[115] 131 S.Ct. 2705 (2011).
[116] ECF No. 10, Attachment at 143.

"involved" in generating the DNA profile, "this case does not fall under the rubric of the *Bullcoming* and *Melendez-Diaz* cases."[117]

In that regard, and as noted above, the Ohio court found that Cariola was not a mere surrogate testifying for another, but rather he himself reviewed the test procedures, protocols, notes and raw data, he cosigned the report and testified that the report's conclusions were also his conclusions.[118] He was qualified to testify about the procedures used in the lab and "all other procedures the defense wished to criticize."[119]Moreover, as noted, he also "had his own independent opinion on the results."[120]

In addition to addressing Cariola's testimony itself – which is the essence of Ground One here – the Ohio court went on to note that Smith's case was similar to that of *Williams v. Illinois*.[121] In *Williams* the issue was whether an expert could testify as to a DNA match between a profile produced by an outside lab – where no witness testified – and the state police lab.  In a plurality opinion, *Williams* found no confrontation clause issue. In that regard, the *Williams* plurality observed that a DNA profile taken from a rape victim at the time of the rape is different from an extrajudicial statement made in connection with a criminal case, in that the profile was produced before any defendant was identified and not generated for the purpose of obtaining evidence against the defendant.[122] Indeed, the

---

[117] *Id.*
[118] *Id*.
[119] *Id*.
[120] *Id*.
[121] 132 S.Ct. 2221 (2012).
[122] *Id*. at 2228.

*Williams* plurality stated that the original profile isn't inherently inculpatory since such results often serve the function of exonerating the wrongly accused.[123]

In the present context of federal habeas review, the issue is not whether this Court agrees with the Ohio court's conclusion as regards admitting Cariola's testimony. Rather, the sole question is whether the Ohio court's decision is an unreasonable application of clearly established federal law. As to that question, I note that the Ohio court obviously acknowledged the relevant Supreme Court law. It then undertook a careful analysis of that law in light of the facts in this case, drawing reasoned distinctions between those cases.

While Smith strenuously argues his own views as to how the appropriate case law should be applied in his case, I recommend finding that he has not shown that the Ohio decision is so lacking in justification that it constitutes an error so well understood and comprehended in existing law beyond any possibility of fair-minded disagreement.[124] Thus, I recommend that Ground One be denied on the merits.

### Ground Four – prosecutorial statement

In his fourth ground for relief, Smith contends that during closing argument the prosecutor improperly told the jury that if the defense had any problems with the DNA test, the defense should have retested the sample.[125]In so doing, Smith maintained to the appellate court that the prosecution improperly shifted the burden of proof to the defense.[126]

---

[123] *Id.*
[124] *Harrington*, 131 S.Ct. at 786-87.
[125] ECF No. 11 at 11.
[126] ECF No. 10, Exhibit A at 167.

Smith also claimed that the actual DNA sample had been lost, thus making the prosecutor's comment even more prejudicial.[127]

The Ohio appeals court addressed the issue by noting initially that there is no evidence that the sample was "lost" as Smith claimed.[128] Rather, the record shows that when the  BCI analyst was asked at trial where the sperm sample was presently located, the analyst said that because BCI had recently begun returning such samples to the local police departments for storage, she was not sure if Smith's sample was still at BCI or had been returned to the local police.[129]

As to the prosecutor's comment itself, the appeals court first observed that the subject of retesting the DNA samples had initially been raised by the defense in its closing argument, when it twice stated that BCI had chosen not to retest the sample despite the passage of time.[130] Those comments by the defense opened the door for the prosecution in its rebuttal to make the comment now at issue about the defense also having the capacity to retest the sample if it so wished.[131] In this context, the court found that the prosecutor's comment was not improper.[132]

---

[127] *Id.*
[128] *Id*.
[129] *Id.*
[130] *Id.*
[131] *Id*.
[132] *Id.*

27

Moreover, the court also concluded that in any event the prosecution may comment on the failure of the defense to offer evidence in support of its claims without thereby impermissibly shifting the burden of proof.[133]

As the Warden point out, the Sixth Circuit has long held that the state in rebuttal may properly comment on the defendant's failure to present evidence that it was capable of presenting.[134] Further, Smith cannot show that even if the comment here was improper, the error had a substantial and injurious effect or influence in determining the jury's verdict.[135]

Accordingly, I recommend denying Ground Four on the merits because the decision of the Ohio appeals court was not contrary to any clearly established federal law.

## Conclusion

For the reasons stated I recommend that the habeas petition be denied in part and dismissed in part as is more fully set forth above. Also for the reasons stated, the motion for an evidentiary hearing and to amend the petition is hereby denied.

IT IS SO RECOMMENDED.

Dated: July 31, 2019                                    s/William H. Baughman Jr.
                                                       United States Magistrate Judge

---

[133] *Id*. at 168.
[134] *See United States v. Williams*, 662 Fed. Appx. 366, 379 (6th Cir. 2016); *United States v. Brown*, 66 F.3d 124 (6th Cir. 1996); *United States v. Clark*, 982 F.2d 965 (6th Cir. 1993).
[135] *Brecht v. Abrahamson*, 507 U.S. 619, 637 (6th Cir. 1993).

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[136]

---

[136] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).